COURT OF APPEALS
DECISION
DATED AND FILED

August 12, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP2826**

**STATE OF WISCONSIN**

Cir. Ct. No. 2025SC381

**IN COURT OF APPEALS
DISTRICT II**

COMMUNITY FIRST CREDIT UNION,

    PLAINTIFF-RESPONDENT,

  V.

DANIEL JACKSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Calumet County: CAREY J. REED, Judge. *Affirmed*.

¶1 LAZAR, P.J.[1] Daniel Jackson appeals from a circuit court judgment entitling Community First Credit Union (CFCU) to immediate

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

possession of a 2021 Jeep Grand Cherokee. For the following reasons, this court affirms.

¶2 The case arises from a December 2021 Loan and Security Agreement (Note) between Jackson and CFCU in the original amount of $52,328.12, in which Jackson provided a security interest to CFCU in a 2021 Jeep Grand Cherokee (Collateral). Jackson defaulted on the Note when he failed to make payments after November 2024. CFCU sent Jackson a Notice of Right to Cure Default in April 2025, indicating that if Jackson did not cure the default by the stated date in May 2025, CFCU may have the right to take possession of the Collateral. Jackson did not cure the default, and CFCU filed suit in small claims court for the amount owed on the Note, which it estimated to be $33,610.17, with interest accruing daily.

¶3 Jackson filed a motion to dismiss, claiming that CFCU: (1) failed to state a claim upon which relief can be granted; (2) insufficiently served process on Jackson;[2] (3) filed the action in an improper venue; and (4) improperly filed the action as a small claims replevin action contrary to WIS. STAT. § 799.01(c). The circuit court denied the motion to dismiss. Jackson appeals.

¶4 On appeal, Jackson claims: (1) CFCU improperly brought a replevin action under the Wisconsin Consumer Act (WCA) because the Act excludes

---

[2] The Record is devoid of the argument for this claim. Appellate courts "are bound by the record as it comes to us." *Hauer v. Union State Bank of Wautoma*, 192 Wis. 2d 576, 602, 532 N.W.2d 456 (Ct. App. 1995). It is the appellant's responsibility to order transcripts. *See* WIS. STAT. RULE 809.11(4). If an appeal is brought on either a partial transcript or no transcript, the appellate court may assume that every fact essential to sustain the circuit court's judgment or order is supported by the Record. *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979).

"[c]onsumer credit transaction[s] in which the amount financed exceeds $25,000[,]" *see* WIS. STAT. § 421.202(6); (2) CFCU's Summons was insufficient because it failed to conform to the statute's formatting requirements, *see* WIS. STAT. § 425.205(2); (3) the circuit court lacked personal jurisdiction over Jackson because the Summons was insufficient; and (4) the judgment against Jackson is void because the court lacked personal jurisdiction over him.

¶5       We decline to address Jackson's arguments because he did not raise them before the circuit court, and we will not consider them for the first time on appeal. *See* ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal."); ***Gibson v. Overnite Transp. Co.***, 2003 WI App 210, ¶9, 267 Wis. 2d 429, 671 N.W.2d 388.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.